67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Allen WALKER, Plaintiff-Appellant,
v.
Daniel THALMAN; Victor Rodriguez; Eugene Pyle, Defendant-Appellees.
 No. 94-35779.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1995.
Decided Sept. 27, 1995.
 
 1
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Oregon state prisoner Robert Allen Walker appeals a jury's verdict against him in his Sec. 1983 action alleging that prison guards beat him. He also appeals the district court's pretrial dismissal of one defendant whom it found entitled to qualified immunity. We affirm.
 
 DISCUSSION
 1. 404(b) Evidence
 
 4
 At trial, the district court admitted various items of evidence tending to show that Walker had a history of injuring himself while in prison in an attempt to gain transfers. Federal Rule of Evidence 404(b). We affirm.
 
 
 5
 Under Rule 404(b), other act evidence is admissable for purposes other than showing a person's character. Character aside, it seems implausible to assert that a sane person is physically and mentally able to intentionally inflict numerous injuries upon himself. That seems especially so when the motive does not appear to be a highly important one. Although there was a good deal of other evidence which tended to show that Walker's injuries were self inflicted, a nagging doubt might still have remained in the minds of the jurors. The other act evidence could help to dispel that doubt, for there could be no doubt that the prior similar incidents of self-mutilation had taken place, and that Walker had performed them for the very purpose of gaining a transfer to what he deemed a more appropriate custodial setting. This exceedingly distinct activity on his part was at the very heart of the defense. It tended to show that the identity of the person who had inflicted injury upon him was himself, and that in the relatively recent past he had adopted that as a scheme or plan for accomplishing his goals in a most unusual manner. See United States v. DeSalvo, 41 F.3d 505, 509 (9th Cir.1994) (factors to consider re 404(b) evidence); United States v. Luna, 21 F.3d 874, 878 n. 1 (9th Cir.1994) (identity evidence); United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991) (discussing required similarity for 404(b) identity evidence); Parker v. United States, 400 F.2d 248, 251-52 (9th Cir.1968) (other acts, "unique" and "bizarre" in nature, admissible to show identity), cert. denied, 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789 (1969).
 
 
 6
 Moreover, the evidence was highly probative because, among other things, it tended to show that what might seem to be a highly unlikely defense--that he beat himself up--was not unlikely at all where he was concerned. Instead, it was the most likely explanation for his injuries, which might otherwise have seemed so inexplicable as to lead to a conclusion that someone must have inflicted them upon him. Nor was the evidence "unfairly prejudicial" to him. It was explanatory, not inflammatory. See Fed.R.Evid. 403; United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir.1992).
 
 2. Qualified Immunity
 
 7
 We need not determine whether Long was entitled to qualified immunity because that issue is moot. His liability, if any, hinged on his improper control of Thalman's alleged violent acts. However, because Thalman was found to be free from fault in this case, none could attach to Long.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3